1  MELINDA HAAG (CABN 132612)
United States Attorney

2

3  MIRANDA KANE (CABN 150630)
Chief, Criminal Division

4  JAMES C. MANN (CABN 221603)
Assistant United States Attorney

5

6  1301 Clay Street, Suite 340S
Oakland, CA 94612
Telephone: (510) 637-3680

7  Fax: (510) 637-3724
E-Mail:  James.C.Mann@usdoj.gov

8

9  Attorneys for Plaintiff

10                     UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                            OAKLAND DIVISION

13  UNITED STATES OF AMERICA,          )    No. CR-11-00583 SBA
                                       )
14        Plaintiff,                   )    UNITED STATES' SENTENCING
                                       )    MEMORANDUM
15     v.                              )
                                       )    **Sentencing Date: March 21, 2012, 10:00
16  ALEJANDRO GUTIERREZ,               )    a.m., The Honorable Saundra Brown
                                       )    Armstrong**
17        Defendant.                   )
                                       )
18  _____   )

19        The United States of America requests that defendant Alejandro Gutierrez be sentenced

20  to 84 months imprisonment and four years of supervised release, consistent with the Plea

21  Agreement and the recommendation of the United States Probation Office ("USPO").

22                            **INTRODUCTION**

23        The parties anticipate that defendant will plead guilty to possession with the intent to

24  distribute a Schedule II controlled substance, namely, at least 50 grams of a mixture and

25  substance containing a detectable amount of methamphetamine, in violation of Title 21, United

26  States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).  Although this will be defendant's first

27  felony conviction, it is very serious, as defendant was in possession of more than four ounces of

28  methamphetamine for sale and a handgun equipped with a silencer, in a residence he shared with

1   his wife and two minor children.  Indeed, had the United States decided to charge defendant with

2   possession of a firearm in furtherance of his drug-trafficking, in violation of Title 18, United

3   States Code, Section 924(c), he would have been facing at least a 35-year mandatory minimum

4   prison sentence (in light of the silencer on the handgun).  Further, had the United States tested the

5   purity of the methamphetamine, it is quite likely that defendant would have been facing a 10-year

6   mandatory minimum prison sentence on the drug-trafficking charge alone.  Given the seriousness

7   of defendant's conduct, the parties agreed that a sentence of 84 months imprisonment is

8   reasonable and appropriate, even though it is above the applicable Sentencing Guidelines range

9   for the offense to which defendant is pleading guilty.

10                                          **ARGUMENT**

11  **I.     DEFENDANT'S SENTENCING GUIDELINES RANGE IS 57-71 MONTHS
            IMPRISONMENT.**
12

13         The parties agree with the United States Sentencing Guidelines calculations set forth in

14  the Pre-Plea Presentence Investigation Report resulting in a total offense level of 25 and a

15  Criminal History Category of I, and, therefore, a Sentencing Guidelines range of 57-71 months

16  imprisonment.  PSR ¶¶ 26, 31.  The statutory mandatory minimum sentence, however, is 60

17  months imprisonment.  21 U.S.C. § 841(b)(1)(B)(viii).  Pursuant to the Plea Agreement in this

18  matter, the United States recommends a sentence of 84 months imprisonment and four years of

19  supervised release.

20  **II.    APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES
            THAT A SENTENCE OF 84 MONTHS IMPRISONMENT AND FOUR YEARS**
21          **OF SUPERVISED RELEASE IS REASONABLE.**

22         The Supreme Court stated that, the "Guidelines . . . seek to embody the § 3553(a)

23  considerations, both in principle and in practice."  Rita v. United States, 127 S. Ct. 2456, 2464

24  (2007).  These factors or considerations include:  (1) the nature and seriousness of the offense

25  and the history and characteristics of the defendant; and (2) the need for the sentence to promote

26  respect for the law, afford adequate deterrence, and protect the public from further criminal

27  conduct by the defendant.  18 U.S.C. § 3553(a).

28

1    Defendant's conduct in the instant case was extremely serious.  When the officers

2   stopped defendant's car to execute a search warrant, defendant's two sons – 12 and 6 years-old –

3   were also in the car.  PSR ¶ 7.  The officers recovered a plastic bag containing more than an

4   ounce of methamphetamine from the dashboard ashtray of the car.  Id.  During a search warrant

5   then executed on the residence defendant shared with his wife and two sons, officers recovered:

6   (1) a Ruger .22 caliber handgun with a silencer; (2) a magazine loaded with eight rounds of .22

7   caliber ammunition for the aforementioned firearm; (3) a box of .22 caliber ammunition; (4) a

8   digital scale; (5) a box of plastic sandwich baggies; and (6) a plastic bag containing

9   approximately 94.17 grams of suspected methamphetamine.  Id. at ¶ 8.  The handgun and loaded

10  magazine were recovered, unsecured, from defendant's dresser drawer.  Id.  The

11  methamphetamine was recovered from beneath the stove top cover in the kitchen of the

12  residence.  Id.  All of these items were, therefore, accessible to defendant's children.

13  Additionally, during his post-arrest interview, defendant admitted that he had been selling

14  methamphetamine for one year.  Id. at ¶ 9.

15    Further, although defendant appears to be distancing himself from his prior gang-

16  involved lifestyle, his tattoos demonstrate the pride he once had in that lifestyle.  Id. at ¶ 42.  For

17  example, defendant has a tattoo of a "$" and "Pay Up Sucker" on the palm of his hand.  Id.  He

18  also has at least one tattoo proclaiming his affiliation with the Norteño street gang.  Id.

19    An 84-month sentence recognizes the seriousness of defendant's dangerous and illegal

20  conduct.  Given that it also allows defendant to escape the application of otherwise applicable

21  mandatory minimum prison sentences, it also accounts for defendant's lack of a serious criminal

22  history.

23                                  **CONCLUSION**

24    For the foregoing reasons, the United States respectfully requests that the Court determine

25  that defendant's offense level is 25 and his Criminal History Category is I.  The United States

26  further respectfully requests that, taking into consideration the sentencing factors set forth in

27  ////

28  ////

UNITED STATES' SENTENCING MEMORANDUM
No. CR-11-00583 SBA                          -3-

1  section 3553(a), the Court sentence defendant to 84 months imprisonment, impose a four-year

2  term of supervised release, and order defendant to pay a $100 special assessment.

3

4  DATED: March 14, 2012                          Respectfully submitted,

5                                                 MELINDA HAAG
                                                   United States Attorney
6

7                                                        /s/
                                                   JAMES C. MANN
8                                                  Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28