UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEJANDRO GUTIERREZ,<br><br>    Defendant. | Case No:  CR 11-00583 SBA<br><br>**ORDER DENYING DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

The parties are presently before the Court on Defendant's Pro Se Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).  Having read and considered the papers submitted in connection with this matter, the Court DENIES Defendant's motion for the reasons that follow.

**I.    BACKGROUND**

On March 21, 2012, the Court sentenced Defendant to a custodial term of eighty-four months, to be followed by a term of supervised release of four years.  This sentence was based on Defendant's guilty plea to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).

On January 14, 2015, the Court granted the parties' stipulated request to reduce Defendant's sentence, pursuant to 18 U.S.C. § 3582(c)(2). The Court reduced Defendant's sentence to sixty months, but maintained the four year term of supervised release.

Defendant commenced his term of supervision on December 23, 2015.  He currently is living with his wife and raising their two children, and works as a delivery driver for JANCO.  Since his release, Defendant has had no issues pertaining to his supervision or any contact with law enforcement.

Defendant now moves the Court to terminate the remainder of his supervision,

claiming that his life is stable and he is unlikely to recidivate.  The Government has submitted an opposition to the motion.  In addition, the Probation Department ("Probation") has submitted a short memo expressing its opposition to Defendant's request.

## II. DISCUSSION

All post-sentencing changes to the terms of a defendant's supervised release are governed by 18 U.S.C. § 3583(e).  In relevant part, § 3583(e)(1) permits a district court to terminate a term of supervised release after the completion of one year of the term if, after considering specified factors set forth in § 3553(a), the court determines that such action is warranted by the defendant's conduct and is in the interest of justice.  18 U.S.C. § 3583(e)(1).

In deciding whether termination is warranted, courts must consider several of the factors enumerated in 18 U.S.C. § 3553(a), such as deterrence, public safety, rehabilitation, and consistency in sentencing.  See United States v. Mathis-Gardner, 783 F.3d 1286, 1288 (9th Cir. 2015).  Upon consideration of those factors, "district courts have broad discretion to alter the conditions of a defendant's supervised release."  United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000); accord United States v. Bainbridge, 746 F.3d 943, 947 (9th Cir. 2014).  A defendant has the burden to demonstrate that early termination of supervised release is justified.  United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006); e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (noting that "changed circumstances—for instance, exceptionally good behavior by the defendant" may warrant a modification to the terms of supervision).

In the instant case, the Court, upon weighing the relevant § 3553(a) factors, finds that early termination of supervision is not warranted at this time.  By all accounts, Defendant's supervision has progressed smoothly.  He has maintained steady employment and is in a stable relationship with his family.  In addition, Defendant's supervision has been without incident.  The Court applauds Defendant for his progress.  At the same time, Defendant has not presented the Court with any compelling reasons for terminating his supervision at this juncture.  See Emmett, 749 F.3d at 824 n.3 (noting that a defendant's

compliance with the terms of supervision is "expected").  In particular, he has not identified any changed circumstances or undue hardship warranting the termination of the remainder of his term of supervision.  Moreover, it is notable that Defendant has completed only twenty-four months of supervised release, about half of the four-year term imposed by the Court.  As such, it is premature to terminate supervision at this juncture.  Although Defendant appears to be doing well, maintaining him on supervision will increase the likelihood that his commitment to a positive lifestyle will be permanent.  See Johnson v. United States, 529 U.S. 694, 708-709 (2000) (explaining that the purpose of supervised release "is to improve the odds of a successful transition from prison to liberty").[1]

### III.  CONCLUSION

The Court encourages Defendant to continue his positive path forward.  In addition, Defendant should continue to communicate with his Probation Officer to explore the possibility of renewing his request for early termination at a later time.  Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Pro Se Motion for Early Termination of Supervised Release is DENIED WITHOUT PREJUICE.

IT IS SO ORDERED.

Dated: 12/05/2017

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[1] The Government also contends that a mandatory minimum term of supervision is not subject to reduction under § 3583(e)(1) in light of a 2002 amendment to 21 U.S.C. § 841(b)(1)(B).  This Court has previously considered and rejected that contention.  See United States v. Anderson, No. CR 03-40164, Dkt. 114 (N.D. Cal.  Nov. 14, 2017).